An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD WALKER,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JAMES M. BIXLER, DISTRICT JUDGE,
Respondents,
and
POWERHOUSE PLATINUM REALTY,
Real Party in Interest.

No. 63371

**FILED**

JUN 28 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order affirming a justice court summary eviction order.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Writ relief is an extraordinary remedy, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 679, 818 P.2d 849, 853 (1991), and it is petitioner's burden to demonstrate that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having reviewed the petition, answer, and reply, we conclude that writ relief is not warranted. *Id.* A purchaser of a foreclosed residential property obtains all the rights of the previous landlord, including the right to institute a summary eviction proceeding when the

SUPREME COURT
OF
NEVADA

(O) 1947A

13-19202

tenant has not paid rent. *See* NRS 40.255(3)(a) (indicating that the purchaser has the same rights and obligations as the previous landlord, as defined in NRS Chapter 118A); NRS 40.254 (authorizing a summary eviction action when the tenant of a dwelling unit subject to NRS Chapter 118A is guilty of an unlawful detainer).

Here, real party in interest, acting as the agent for the entity that purchased the subject dwelling unit, had the right to institute a summary eviction proceeding once petitioner failed to pay rent. NRS 40.255(3); NRS 40.254. At this point, petitioner could have filed with the justice court an affidavit stating that he was "not in default in the payment of the rent."[1] NRS 40.253(3)(b)(1). Because petitioner filed no such affidavit, there was "no legal defense as to the alleged unlawful detainer" that would have required formal unlawful detainer proceedings pursuant to NRS 40.290-.420, and the justice court properly issued a summary eviction order. NRS 40.253(6).

Thus, petitioner's argument that NRS 40.255(2) required real party in interest to institute a formal unlawful detainer proceeding is unavailing. To the extent that petitioner has raised alternative arguments in support of writ relief, we conclude that these arguments do

---

[1]Although real party in interest asserts that petitioner owed $1,250 in monthly rent despite petitioner's lease agreement setting rent at $500 per month, petitioner did not establish that he offered to pay the $500 in monthly rent to real party in interest or that he was willing to deposit this amount with the court. *See* NRS 118A.490(1) (requiring a tenant to pay "any rent which is not in dispute" during the pendency of an action for possession of a leased dwelling unit).

not warrant this court's extraordinary intervention. *Pan*, 120 Nev. at 228, 88 P.3d at 844. Accordingly, we

ORDER the petition DENIED.[2]

_____ , J.
Parraguirre

_____ , J.
Cherry

HARDESTY, J., concurring:

Although I concur in the judgment of the panel, I would resolve this matter in a published opinion. At the very least, this case presents a novel question of law. *See* Internal Operating Procedures Rule 9(a).

_____ , J.

cc:     Hon. James M. Bixler, District Judge
        Reade & Associates
        Edward D. Kania
        Eighth District Court Clerk

_____

[2]Having considered petitioner's motion for an extension of time to file a supplemental appendix, we grant it. In light of our disposition, we vacate the stay entered by this court on June 14, 2013.

SUPREME COURT
OF
NEVADA

(O) 1947A